On to our next case, which is He v. Holder. Mr. Yu. Good morning, Your Honors. May it please the Court— Look, Mr. Yu, what kind of game are you playing with us? Excuse me, Your Honor. You—instead of appealing from the denial of benefits, you file a motion for reconsideration, a rehearing, which is denied. You do not have jurisdiction. By taking an appeal just from that denial, you forfeit your challenge to the denial of benefits. And then you ask to what? To cancel oral argument? What are you doing? And you've done this before. This is not the first time you've played this game. What is this about? Why didn't you challenge the denial of benefits? Why did you ask for a rehearing and then just appeal from the denial of the rehearing? Excuse me, Your Honor. In my petition for review, I do make reference to the denial of the motion to reconsider with the BIA. Well, that's what you appeal. That's all we have jurisdiction over. Correct. But there's nothing to argue about there. I mean, the problem is that your appeal looks objectively frivolous. I mean, do you have any response to the government's brief about the fact that we can't really even consider the denial of the asylum? Well, Your Honor, he does make reference to the fact that by filing the opening brief and failing to bring forth the issue of the motion to reconsider. However, he does refer to Assir v. Gonzalez, which states that the board's denial of his motion, excuse me, the court held that an alien's failure to challenge. In his opening brief, the board's denial of his motion to reconsider waived his right to seek review of the board's decision. In that case, in Assir, excuse me, the court looked towards the fact that the two headings for the discussion section did specifically refer to the fact that the BIA decision. I don't know what you're talking about. The question is, when they denied benefits to your client, why didn't you appeal that denial? At that time, Your Honor, there's two choices to take. No, there aren't two choices to take. There are deadlines for appealing. Correct. I mean, look, we see many of these cases. Invariably, the appeal is from the denial of benefits, not from the denial of some subsequent motion. So why are you doing this? Well, Your Honor, there's two options for a... No, there aren't two options. Why do you not appeal from the denial of benefits? We felt we'd had a strong case for a motion to reconsider, Your Honor. You can file a motion to reconsider, but you can't wait if you want to appeal. You know, you have two courses. Correct. Ask for rehearing or come to the court. You can do both. If you don't appeal in time to the court, you forfeit your case, and you're left entirely with that, you know, motion for rehearing. Correct. Now, what possible sense can that make? Your Honor, we felt at the time that... And you've done it before. Correct, Your Honor. Why do you do this? All you do is you forfeit your client's case. You're right, Your Honor. However, again, at the time of discussing with our clients, we have discussed the options of doing the motion to reconsider and also filing for the petition for review. And in both circumstances, we have first moved towards a motion to reconsider, waited for that denial, and then filed a petition for review based on the denial of the motion to reconsider. Okay, well, thank you. Thank you. So, Mr. Nicastro? Good morning, Your Honor. May it please the court, I'm Anthony Nicastro. I represent the Attorney General in this case. The government believes that this... You'll have to speak up. Sorry, Your Honor. The government believes that this case is controlled by this court's decision and that if they're subject to court's questions, we'll rest on our brief in that particular point. Okay, thank you. Okay, case will be taken under advisement.